# ADDIE M. BACON

*v.*

# CHARLES H. MARKS.

---

San Juan, Law, No. 1127.

COUNTERCLAIM, ETC., IN EJECTMENT.

Motion to Strike—Res Judicata.

    1. Where a motion is made to strike that part of an answer which

Bacon v. Marks.

alleges that the matter is *res judicata* and sets forth the necessary facts, the motion to strike will be denied.

Motion to Strike—Matter of Evidence.

2. Matter of evidence in an answer will be stricken out upon motion.

Suit in Ejectment—Lease for a Definite Period—Ungathered Crops.

3. Where the lessor brings an action of ejectment against the lessee, if the lease has been for a definite period the lessee is not entitled to a counterclaim for the ungathered crops.

Suit in Ejectment—Counterclaim.

4. A suit in ejectment for the possession of land is not a suit *ex contractu*, and in Porto Rico there can be no counterclaim of debt in such a suit; but if the plaintiff has included in his complaint in ejectment a prayer for rents and profits, the counterclaim may be allowed as an offset against the claim for rents and profits *pro tanto*.

Opinion filed May 10, 1916.

———

*Mr. F. H. Dexter* for plaintiff.

*Mr. O. M. Wood* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a complaint entitled in ejectment, being for two parcels of land. At the end there is a prayer asking, besides the recovery of said land, rents and profits for the unlawful use and detention thereof in a certain sum.

An answer is filed, setting up in three paragraphs an answer to the different points raised in the complaint. No objection is taken to this. It is a good answer.

1. I will now take up first the motion to strike. Motion is

Bacon v. Marks.

made to strike so much of the answer as is entitled *res judicata*. This part of the answer declares that a former action on the same cause of action with all of the same facts, all of which were submitted to the court, came up in the municipal court of Rio Piedras, and that the defendant was sustained. That the plaintiff in this case appealed and later dismissed the appeal. This perhaps is somewhat informal, but it seems to constitute a good defense. If the same thing has been settled in another court, this court would not inquire into it. The motion to strike is denied as to that part.

2. Then follow several matters which seem to the court to be rather matters of evidence than of defense. They may be good defenses, but they would come in, if at all, under the general issue at the trial. They are not separate defenses, but if valid, can be shown in evidence under the general issue. The motion is granted as to these different defenses of estoppel and the like, and they are struck out.

3. There is a little more consideration, however, due the last one, alleging that there are planted certain crops, and that these plantings were made in full view of the plaintiff without objection from her, and the defendant claims his rights under §§ 1469 and 1480 of the Civil Code of Porto Rico. Those two sections are those commonly known in the states as setting up the rights of a waygoing tenant, and they are to the effect that if a tenant stays over a certain length of time without objection, it is presumed the lease is to be renewed. That might be a good defense. It is not pleaded in detail, and so I have no way of telling. And furthermore, § 1480 is to the effect that where a lease is for an indeterminate time, the lessee must be held to have enough time to get off his crop, while the lease in this case is

alleged to be for a definite time, either for one year or for five years. There seems to be a question as to the time, but not as to its being a definite time; and so it does not appear that this would be a good defense under the circumstances. As to the last defense before the counterclaim, the motion to strike is granted, but the defendant is allowed to amend this defense if he sees proper. I do not know whether it can be so amended as to make a good defense or not.

4. At the end of the answer there is what is called a counterclaim. It sets up a number of matters,—transfer of pineapples, and then some lumber, cocoanut trees, boxes of pineapples, etc., making a balance finally as claimed of $128.58; and the defendant respectfully requests that he be dismissed with that sum. A demurrer is interposed setting up in effect that ejectment is not a suit in which a counterclaim of this kind can be interposed. The point seems to be well taken. This is a suit for the possession of certain land, and these different elements, amounting to $128, do not seem on their face to grow out of the rent of the land in any way. They do not seem to be connected with the transaction sued on in the complaint, and so it raises a question whether, if the plaintiff sues for the possession of land and she happens to owe a debt of $128, that is a defense. The Code of Civil Procedure says a counterclaim must be one existing in favor of the defendant against the plaintiff, between whom a several judgment might be had in the action, arising out of one of the following causes of action:

1. A cause of action arising out of the transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action.

This clearly does not come under that head.

2. In an action arising upon contract, any other cause of action arising also upon contract and existing at the commencement of the action.

A suit for the possession of land where the lease has expired cannot properly be said to be a suit in contract, *ex contractu*. It is rather the other way. It is an unlawful detention. That is the expression and the proper expression in the complaint, wrongfully and unlawfully refuses to surrender the same, so that it would look as if a suit in ejectment is not one arising upon a contract, and, that being so, under the Porto Rican statute there can be no counterclaim of debt interposed to such an action, but there is this to be considered. The plaintiff prays judgment for the recovery of certain parcels of land and rents and profits for the unlawful use and detention thereof in the sum of $1,200. I am inclined to think that the counterclaim could be amended so as to offset *pro tanto* whatever may be the proper verdict, if any at all, as to the rents and profits. It is not expressed in that way, however, so I will have to sustain the demurrer with leave to amend.